# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br> vs.<br><br>ALVAREZ SAENZ MARCO ANTONIO,<br><br>         Defendant | Case No. 11cr1515 - IEG<br><u>related to</u> 11cv1732 - IEG<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION**<br><br>[Doc. No. 39] |

  Defendant Alvarez Saenz Marco Antonio moves the Court for an order reducing his time in custody under 28 U.S.C. § 2255. Upon review, and for the reasons stated below, the Court finds the motion "conclusively show[s] that the prisoner is entitled to no relief . . ." 28 U.S.C. § 2255(b). Therefore, the Court **DENIES** Defendant's motion without further briefing.

## BACKGROUND

  In April 2011, Defendant pleaded guilty to bringing in illegal aliens and aiding and abetting in violation of 8 U.S.C. § 1324(a)(1)(A)(i) and (v)(II). [Doc. No. 25.] This Court sentenced him to 8 months imprisonment, along with two years supervised release. [Doc. No. 37.] Defendant timely filed the present motion.

  In his motion, Defendant seeks a sentence reduction because he cannot be housed in a minimum security facility or Community Correctional Center due to his deported alien status. Defendant argues the different treatment of aliens vis-a-vis United States citizens violates due process and equal protection.

///

**DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court "to vacate, set aside or correct the sentence" on the grounds that the sentence "was imposed in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a).

Defendant's claim for relief fails for two reasons. First, Defendant explicitly waived his right to appeal or collaterally attack his sentence. The plea agreement filed on April 28, 2011, provides:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the higher of the guideline range recommended by the Government pursuant to this plea agreement at the time of sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

[Doc. No. 25.] Such a waiver is valid so long as it was "knowingly and voluntarily made" and "encompasses the defendant's right to appeal on the grounds claimed on appeal." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (quotation omitted). Nothing in the present motion indicates Defendant's waiver was invalid. Consequently, the waiver prevents Defendant from collaterally attacking his sentence under 28 U.S.C. § 2255.

Second, even if Defendant did not waive his right to collaterally attack his sentence, his claim lacks merit. The Ninth Circuit has found the Bureau of Prison's rules, barring aliens from benefitting from programs of the type cited by Defendant, do not violate equal protection or implicate due process. *McLean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999). Defendant would not be entitled to relief on the merits of his claim even in the absence of a waiver.

**CONCLUSION**

Based on the foregoing, Defendant's motion for a sentence reduction is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 11, 2011

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**